IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES SPANGLER, #1729348 | § | |
| VS. | § | CIVIL ACTION NO. 9:12cv139 |
| GIB LEWIS UNIT, ET AL. | § | |

<u>MEMORANDUM OPINION AND</u>
<u>ORDER OF DISMISSAL</u>

Plaintiff James Spangler, a prisoner confined at the Gib Lewis Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The present Memorandum Opinion concerns Defendants Griffin and Vinson's motion for summary judgment limited to the defense of failure to exhaust administrative remedies (docket entry #37). The Plaintiff did not file a response.

<u>Facts of the Case</u>

The original complaint was filed on August 27, 2012. On February 28, 2013, the Court conducted an evidentiary hearing in accordance with *Spears v. McCotter*, 766 F.2d 179, 182 (5th Cir. 1985), wherein the Plaintiff was given the opportunity to fully discuss the factual basis of his claims.

The Plaintiff complained about an incident that occurred on July 23, 2012. During the course of a conversation about obtaining an indigent fan, Sgt. Vincent told the Plaintiff that he was writing a disciplinary case against him for being out of place. The Plaintiff responded by telling him that he was retaliating against him for going over his head in order to obtain a fan. Sgt. Vincent scoffed at the

claim of retaliation and handcuffed the Plaintiff behind his back. As the conversation continued, Sgt. Vincent suddenly shoved the Plaintiff into a file cabinet. Lt. Griffin was present during the conversation. The Plaintiff asked him if he was going to permit Sgt. Vincent to use force against him. Lt. Griffin denied seeing anything. Sgt. Vincent then slapped the Plaintiff on the right side of his face. The Plaintiff stated that he suffered soreness and pain to the right side of his face. Both Vincent and Griffin went on to threaten him. The Plaintiff testified that he never actually received a disciplinary case for being out of place. He did not receive any medical care for his injuries. He filed a Step 1 grievance, but it was never returned to him. He acknowledged that he did not file a Step 2 grievance. Regional Grievance Officer Karen Norman testified under oath that the Plaintiff's grievance records do not include anything about the incident.

On March 14, 2013, the Court issued an order permitting the Plaintiff to proceed with his excessive use of force and retaliation claims against Sgt. Vincent and his failure to protect claim against Lt. Griffin. His remaining claims were dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

<u>Defendant's Motion for Summary Judgment</u>

On May 31, 2013, Defendants Vincent and Griffin filed a motion for summary judgment limited to the defense of failure to exhaust administrative remedies (docket entry #37). In support of the motion, they attached copies of the applicable grievance records and an affidavit regarding the Plaintiff's two missing grievances. They noted that the incident which is the subject of the lawsuit allegedly occurred on July 23, 2012. Any step one grievance regarding the incident would have been due no later than August 9, 2012. There are no records that the Plaintiff ever filed a grievance regarding the alleged incident. They noted that records reveal that he filed two separate step one grievances which they were unable to locate. The first missing step one grievance was a staff complaint filed on December 6, 2012. The second missing grievance was a classification complaint

filed on August 29, 2012. Neither missing step one grievance was filed by August 9, 2012. On September 11, 2012, the Plaintiff filed a copy of an unprocessed step one grievance he claims to have filed, but TDCJ has no record that this step one grievance was filed. Furthermore, the step one grievance is signed and dated by him on August 27, 2012. The Defendants argued that since the Plaintiff failed to file a step one grievance by August 9, 2012, the Court should grant summary judgment and dismiss the lawsuit for failing to exhaust administrative remedies.

Plaintiff's Response

The Plaintiff did not file a response. The Scheduling Order (docket entry #27) specifically notified him that a response to a motion for summary judgment limited to the defense of exhaustion of administrative remedies would be due no later than twenty days after the filing of the motion. A response was due no later than June 20, 2013, but he did not file a response.

Discussion and Analysis

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party for summary judgment has the burden of proving the lack of a genuine dispute as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." 477 U.S. at 247-48.

If the movant satisfies its initial burden of demonstrating the absence of a material fact dispute, then the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact dispute concerning the essential elements of its case for which it will bear the burden of proof at trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The non-movant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988). Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the nonmovant must present evidence sufficient to support a resolution of the factual disputes in his favor. *Anderson*, 477 U.S. at 257. The non-movant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g., Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001).

The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The provision was unanimously upheld by the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001). The Court subsequently held that exhaustion is mandatory and that the requirement will not be excused when an inmate fails to properly exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Proper exhaustion means that an inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and

procedural rules. *Id.* at 90-91. The Fifth Circuit recently reiterated the principle that "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The Supreme Court elaborated further about the exhaustion requirement in *Jones v. Bock*, 549 U.S. 199 (2007). It was noted that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. It was added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216. In light of *Jones v. Bock*, the Fifth Circuit provided guidance concerning how the exhaustion question should be handled in *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010). The following procedures were outlined:

> As a final matter, we now provide a brief summary of how district courts should approach exhaustion questions under the PLRA. When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary.

*Id.* at 272-73.

The Texas Department of Criminal Justice provides a two-step procedure for processing grievances and provides inmates with detailed instructions on how to file grievances. *Johnson v. Johnson*, 385 F.3d at 515-16. Under TDCJ's grievance procedures, an inmate must file his Step 1 grievance within 15 days of the complained-of incident. *Id.* at 516. An inmate must complete both a Step 1 and Step 2 grievance in order to properly exhaust his administrative remedies. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Most recently, the Fifth Circuit upheld the grant of summary judgment where the competent summary judgment evidence revealed that an inmate had

5

not followed prison guidelines for filing grievances and thus had not exhausted his administrative remedies. *Stout v. North-Williams*, 476 Fed. Appx. 763, 765 (5th Cir. 2012).

The competent summary judgment evidence submitted in this case reveals that the Plaintiff complained about an incident that allegedly occurred on July 23, 2012. His Step 1 grievances about the incident were due no later than August 9, 2012. There is no competent summary judgment evidence showing that he submitted any grievances by the deadline. Furthermore, he admitted during the *Spears* hearing that he did not submit a Step 2 grievance. The competent summary judgment evidence and the Plaintiff's own testimony supports a conclusion that he did not exhaust his administrative remedies. The motion for summary judgment limited to the defense of failure to exhaust administrative remedies should be granted. It is accordingly

**ORDERED** that Defendants Griffin and Vinson's motion for summary judgment limited to the defense of failure to exhaust administrative remedies (docket entry #37) is **GRANTED**. It is further

**ORDERED** that the complaint is **DISMISSED** with prejudice. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **30** day of **June, 2013.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE